W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC., | ) Case No.: No. 04-1414 SLR |
| | ) |
| Plaintiff, | ) RESPONCE TO COMPLAINT |
| | ) |
| vs. | ) |
| | ) |
| HARDCORE COMPOSITES OPERATIONS, LLC, | ) |
| | ) |
| and W. SCOTT HEMPHILL, | ) |
| | ) |
| Defendant | ) |

RESPONSE TO CLAIMS

COUNT 1

Infringement of U.S. Patent No. 5,800,889

13. Denied, Lancater Composite is not listed as either the inventor or the assignee of U.S Patent 5,800,889 ('889 patent).

14. Denied. Defendant W.Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '889 patent.

15. Defendant W.Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '889 patent.

RESPONCE TO CLAIMS AND COUNTER CLAIMS - 1

16. Defendant W.Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '889 patent.

17. Defendant W.Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '889 patent.

18. Defendant W.Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '889 patent.

19. Defendant W.Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '889 patent.

20. Denied. The Hardcore Composites pile is not described by the '889 Patent.

21. Denied. Hardcore Composites has not infringed said patent.

22. Denied. Hardcore Composites has not infringed said patent.

23. Denied. Hemphill has not personally prepared each quote.

24. Denied. Hardcore Composites has not infringed said patent.

25. Denied. The Hardcore Composites pile is not described by the '889 Patent.

26. Denied. Hardcore Composites and Hemphill have not infringed said patent.

27. Denied. Hardcore Composites and Hemphill have not infringed said patent, therefore there is no basis for belief that there will be future infringement.

## COUNT II

### Infringement of U.S. Patent No. 6,048,594

28. Admitted.

29. Denied. Defendant W.Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '594 patent.

RESPONCE TO CLAIMS AND COUNTER CLAIMS - 2

30. Denied. Defendant W. Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '594 patent.

31. Denied. Defendant W. Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '594 patent.

32. Denied. Defendant W. Scott Hemphill has no knowledge that Hardcore Composites offered to sell a product described by the '594 patent.

33. Denied. Defendant W. Scott Hemphill has no knowledge that Hardcore Composites. offered to sell a product described by the '889 patent.

34. Denied. Defendant W. Scott Hemphill has no knowledge that Hardcore Composites. offered to sell a product described by the '889 patent.

35. Denied. The Hardcore Composites pile is not described by the '889 Patent.

36. Denied. Hardcore Composites has not infringed said patent.

37. Denied. Hardcore Composites has not infringed said patent.

38. Denied. Hemphill has not personally prepared each quote.

39. Denied. Hardcore Composites has not infringed said patent.

40. Denied. The Hardcore Composites pile is not described by the '889 Patent.

41. Denied. Hardcore Composites and Hemphill have not infringed said patent.

42. Denied. Hardcore Composites and Hemphill have not infringed said patent, therefore there is no basis for belief that there will be future infringement.

### Prayer for relief

Wherefore W. Scott Hemphill demands the following relief with respect to this case.

   a. This court enter a judgement that Hemphill and Hardcore Composites have not infringed U.S. Patent # 5,800,889 and further that

Lancaster Composite plagerized and stole the technical knowledge contained in said patent and rule that Lancaster Composite commited fraud upon the U.S. Patent office and render the patent null and void;

b. This court enter a judgement that Hemphill and Hardcore Composites have not infringed U.S. Patent # 6,048,594 and further that Lancaster Composite commited fraud upon the U. S. Patent office and render said patent null and void;

c. That Lancaster Composite be required to pay for all damages suffered by Hemphill and Hardcore Composites as a result of the filing of this action

d. That Hemphill and Hardcore Composites be granted such further relief which this court deems just and proper, together with any costs and disbursements of this action.

Dated this 10th day of March, 2005

W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808

RESPONCE TO CLAIMS AND COUNTER CLAIMS - 4

## Certificate of Service

I, W. Scott Hempsill, hereby certify that on March 11, 2005, true and correct copies of the within document were caused to be served on the attorney of record at the following addresses:

George H. Seitz, III
Seitz, Van Ogtrop + Green, PA
222 Delaware Ave,
Suite 1500
P.O. Box 68
Wilmington, DE 19899
302-888-0600

W. Scott Hempsill
W. [signature]