W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC., | ) Case No.: No. 04-1414 |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| vs. | ) |
| HARDCORE COMPOSITES OPERATIONS, LLC, | ) |
| and W. SCOTT HEMPHILL, | ) |
| Defendant | ) |

DEFENDANT W. SCOTT HEMPHILL'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF LANCASTER COMPOSITE, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant W. Scott Hemphill requests that Plaintiff Lancaster Composite, Inc. hereby produce the following documents and things for inspection and copying within thirty (30) days of service hereof at the home of W. Scott Hemphill, 517 Riblett Lane, Wilmington, DE 19808.

### DEFINITIONS OF TERMS AND INSTRUCTIONS

1. As used herein, the term "Lancaster" shall mean Plaintiff, Lancaster Composite, Inc. and its representatives, agents, employees and all persons

DEFENDANTS FIRST REQUEST FOR DOCUMENTS AND THINGS - 1

acting on and purporting to act on its behalf, any subsidiaries or associated organizations, officers, directors, trustees, employees, staff members, agents and representatives including plaintiff's counsel and/or patent counsel, their current or past officers, directors, employees, agents and other representatives who have, may have, or are expecting to have knowledge relating to this lawsuit and the questions herein propounded. As used herein, the term "Plaintiff" shall mean Lancaster Composite, Inc. ("Lancaster Composite"). The term "Hardcore" is used to refer to Hardcore Composites Operations, LLC,

2.   In the following document requests, the term "document" is used in its customary broad sense and includes without limitation the documents of Lancaster including without limitation the following items, whether printed, or recorded in any medium, including electronic and magnetic media, or reproduced by hand or any other mechanical process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal; namely, agreements, communications, including intra-company communications; email; correspondence; telegrams; memoranda; summaries or records of telephone conversations; summaries of records of personal conversations, diaries, forecasts, statistical statements; graphs; laboratory and engineering reports and notebooks; changes; plans; drawings; samples, prototypes and tangible things; photographs, films, pictures and videotapes; minutes or records of meeting, including directors' meetings; minutes or records of conferences; expressions of statements of policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel, records, reports or summaries of negotiations; brochures, pamphlets, advertisements; circulars; trade letters; packing material; press releases; drafts of any documents; revisions of drafts of any document;

original or preliminary notes and marginal comments appearing on any document. A comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

3. The term "the '889 Patent" shall mean U.S. Patent No. 5,800,889 and "the '594 Patent" shall mean U.S. Patent No. 6,048,594, the Patents-in-Suit.

4. The term "Lancaster Product" shall mean any assembly, including without limitation, any tubular fiber reinforced resinous fillable structure; fiber reinforced plastic piling, post or tube ;which Lancaster or any other person or entity acting as an agent or subcontractor for Lancaster, has designed, made, manufactured, installed, constructed, bid, sold, offered for sale, or for which pre-qualification or qualification was sought.

5. Any documents called for herein which Lancaster claims to be privileged or otherwise protected and shall be identified by giving:

   a) a description of the general type of document, i.e., letter, memorandum, report, miscellaneous note, etc.;
   b) the date;
   c) the author;
   d) the organization, if any, with which the author was then connected and his title and job description;
   e) all addressees or recipients;
   f) all other distributees;
   g) the organization, if any, with which each addressee, recipient or distributee was the connected;
   h) a general summary of the subject matter;
   i) grounds, if any, for refusal to produce documents; and
   j) present location of the documents and each and every known copy thereof, including the title, index number and location, if any, of

the file in which the document is kept, or the file from which such documents were removed, if removed for the purpose of this case, and the identity of all persons responsible for the filing or other disposition of the documents.

6. Each copy of any document which contains any marking not appearing on the original or which is an alteration of the original in any way or which is discovered at a different location or in the possession or custody of a different person than the person in possession of the original is a separate document for purposes of these discover requests.

7. Any document called for herein of which Lancaster has knowledge or information shall be identified in the manner set forth in paragraphs (a) through (j) above.

8. The requests are deemed to be continuing in nature. If further responsive documents come to the possession or attention of Lancaster at any time during the course of this litigation, such documents are to be produced as required by the Federal Rules of Civil Procedure.

9. Insofar as any of the terms below are used herein, the following definitions apply:

   a) "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   b) "Concerning" means relating to, referring to, describing, evidencing or constituting.

   c) "Person" is defined as any natural person or any business, legal or governmental entity or association.

   d) The terms "all" and "each" shall be construed as all and each.

   e) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

DEFENDANTS FIRST REQUEST FOR DOCUMENTS AND THINGS - 4

f) The use of the singular form of any word includes the plural and vice versa.

## DOCUMENTS REQUESTED

1. All documents relating to the manufacture of Lancaster Products whether by Lancaster or other entities.

2. All documents relating to the sale of Lancaster Products to any governmental entity.

3. All documents relating to the development of the Lancaster Product specifically described and claimed in the '889 and '594 Patents.

4. All documents relating to the '889 Patent and '594 Patent.

5. All documents relating to the marketing and sale of the Lancaster Products from 1990 to the present.

6. All documents relating to the testing and development of the Lancaster Products, including the development of the textured inner surface.

7. All corporate records of the plaintiff from 1990 to the present.

8. All documents relating to the involvement and investment of Dr. James Argires.

9. All documents relating to the involvement and investment of Milan Resanovich.

10. All documents relating to Northeast Concrete Products, LLC.

11. All documents reflecting the total number of Lancaster Products sold, the gross revenue received from such sales, and the total gross profit received from such sales from 1990 to the present.

DEFENDANTS FIRST REQUEST FOR DOCUMENTS AND THINGS - 5

12. All communications with customers of Lancaster concerning Hardcore Composites or Scott Hemphill from 1990 to the present.

13. All documents referring or relating to any facts that Lancaster believes shows that Hemphill is or has infringed the '889 or '594 Patents.

Dated this 18th day of August, 2005

*W. [signature]*

W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC., | ) Case No.: No. 04-1414 SLR |
| | ) |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| vs. | ) |
| | ) |
| HARDCORE COMPOSITES OPERATIONS, LLC, | ) |
| | ) |
| and W. SCOTT HEMPHILL, | ) |
| | ) |
| Defendant | ) |

NOTICE OF SERVICE

I, W. Scott Hemphill, hereby certify that on this 18th day of August, 2005, I caused copies of this *Notice of Service* along with the Defendant W. Scott Hemphill's *First Request for Documents and Things* from *Plaintiff Lancaster Composite, Inc.* to be served as follows:

**Via U.S. Mail**
Seitz, Van Ogtrop & Green, P.A.
George H. Seitz
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19801

*[signature]*
W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808
Defendant