W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | |
|---|---|
| LANCASTER COMPOSITE, INC., | ) Case No.: No. 04-1414 SLR |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| vs. | ) |
| HARDCORE COMPOSITES OPERATIONS, LLC, | ) |
| and W. SCOTT HEMPHILL, | ) |
| Defendant | ) |


AMENDED RESPONSE TO FIRST SET OF INTERROGATORIES


Pursuant to rule 33 of the Federal Rules of Civil Procedure, Defendant, W. Scott Hemphill amends his responds to Plaintiff, Lancaster Composite, Inc.'s First set of Interrogatories as follows:

**Interrogatory No. 1:**

Defendant Hemphill has never made used sold or offered for sale any Composite Product as described in definition "L" on or after June 25th, 2005.


AMENDED RESPONCE TO FIRST INTERROGATORIES - 1

**Interrogatory No. 2:**

Defendant Hemphill has never made, used, sold or offered for sale any Composite Product as described in definition "L" before June 25th, 2005.

**Interrogatory No. 3:**

None.

**Interrogatory No. 4:**

None.

**Interrogatory No. 5:**

The '594 patent was not invented, merely copied from the work of the Defendant. First person testimony of Steve Shannon and Joel Barron, as well as documents already produced will affirm this. The lack of documentation, development, testing, prototype and produced product described by the '594 patent by the Plaintiff will also attest to this fact. The Plaintiff can not produce one piece of product that was made by or for Lancaster Composite that even meets the definition of the '594 Patent. The defendant further alleges that because Robert Greene and Lancaster Composite stole the Defendants work product and listed as their own in order to entice further investment in Lancaster Composite from current investors and firms that were being courted for a possible sale of the Company.

**Interrogatory No. 6:**

It is the Defendants position that both the '889 and the '594 are based on products that violated the On Sale bar for patent application. Through first

person testimony and documents that have been requested of the Plaintiff, it will be shown that Lancaster Composite and/or Robert Greene sold products to the Fish and Game Commission that are the basis for both Patents ands their parent patent well over a year before applying for the patents in question. All documents supporting the Defendants contentions have been produced. The following persons have knowledge of such contentions:

Steve Shannon, ex employee of Lancaster Composite and currently working as a sales rep for AIM, Lititz, PA 1-717-625-3740

Joel Barron, ex employee of Lancaster Composite, Lives in Lancaster, PA area, current address unknown.

Jeff Pote, Ex-Hardcore Composites employee with vast knowledge of piling production, now works for Sea ray boats in Florida. Current address unknown.

Grant Corboy, Ex-Hardcore Composites employee with vast knowledge of piling production. Current address unknown.

George Greene, Ex-Hardcore Composites employee with vast knowledge of piling production. Currently lives in New Castle, DE area, exact address unknown.

David Harris, Ex-Hardcore Composites employee with vast knowledge of piling production. Last known to be employed by Anholt Technology in Avondale, PA

**Interrogatory No. 7:**

Defendant cannot answer with any certainty when he became aware of the patents in question.

**Interrogatory No. 8:**

A written opinion was done by the firm of Niles and Niles and has been included in the document production.

**Interrogatory No. 9:**

The firm of Niles and Niles would have done prior art and/or validity searches, if conducted.

**Interrogatory No. 10:**

The definition of Composite Product under definition "L" is too broad and ambiguous to formulate an answer to this interrogatory question.

**Interrogatory No. 11:**

The definition of Composite Product under definition "L" is too broad and ambiguous to formulate an answer to this interrogatory question.

**Interrogatory No. 12:**

None.

**Interrogatory No. 13:**

I have first person witnessed testimony of Steve Shannon as well as written documents that affirm the charge of plagiarisms. Public records of the sale of composite fence posts to governmental agencies attest and support the on sale bar as well as the inequitable conduct of the Plaintiff. The documents have been produced by the Defendant and will be further supported by documents requested from the Plaintiff.

**Interrogatory No. 14:**

Steve Shannon

Joel Barron

Jeff Pote

Grant Corboy

George Greene

David Harris

Robert Greene, President of Lancaster Composites and listed inventor on the '889 and 594 patents. Lives in Lancaster, PA.

Robert Greene, Sr., Father of Robert Greene and investor with Lancaster Composite. Has knowledge of initial products sale dates. Thought to live in the Baltimore, MD area.

Robert Pianka, ex- employee of Lancaster Composite with knowledge about first sales and testing of product. Lives in Lancaster, PA.

Carol Egan, ex- employee of Lancaster Composite. Has intimate knowledge of the first sale of products and worked closely Robert Greene in the early sales and marketing efforts. Current address unknown.

Patricia Greene, ex-owner of Lancaster composite who has knowledge about dates of the first sales of fence posts filled with concrete to the Fish and Wildlife Commission. Current address unknown.

Milan Resanovich, Investor in Lancaster Composite and helped develop the business plan. He has intimate knowledge of the use of the patents as a sales tool and helped attract other investment. Last known address was in NJ.

Dr. James Argires, Primary investor in Lancaster Composite who has intimate knowledge of the development of the patents and the dates of first sale. Also very knowledgeable regarding the Hardcore Composites/Lancaster Composite "feud". Lives in Lancaster, PA.

**Interrogatory No. 15:**

a) I have not yet obtained any experts, but may if the need arises.

**Interrogatory No. 16:**

a) There are no documents that I am currently aware of that have not at this time been produced. For the record, all documents that were the property of Hardcore Composites Operations, LLC were seized and destroyed by the landlord of the 618 Lambsons Lane facility during the Bankruptcy proceedings and subsequent litigations. The Landlord was Degussa Corporation out of Cleveland, Ohio. Their local council that handled it was:

Christopher P. Simon
Cross & Simon, LLC
913 North Market Street, Suite 1001
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200 phone
(302) 777-4224 facsimile

**Interrogatory No. 17:**

I plan to use all written resources available to me at trial. However at this time I have not yet identified those books, magazines or other writings.

**Interrogatory No. 18:**

I have no claim chart in my possession.

Dated this 9th day of September, 2005

_____
W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC., | ) Case No.: No. 04-1414 SLR |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| vs. | ) |
| HARDCORE COMPOSITES OPERATIONS, LLC, | ) |
| and W. SCOTT HEMPHILL, | ) |
| Defendant | ) |

NOTICE OF SERVICE

I, W. Scott Hemphill, hereby certify that on this 9th day of September, 2005, I caused copies of this *Notice of Service* along with the Defendant W. Scott Hemphill's *Amended Answers to Plaintiffs First Set of Interrogatories* to be served as follows:

**Via U.S. Mail**
Seitz, Van Ogtrop & Green, P. A.
George H. Seitz
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19801

*/s/ W. Scott Hemphill*
W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808
Defendant