W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC., | ) Case No.: No. 04-1414 SLR |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| vs. | ) |
| HARDCORE COMPOSITES OPERATIONS, LLC, | ) |
| and W. SCOTT HEMPHILL, | ) |
| Defendant | ) |

DEFENDANT W. SCOTT HEMPHILL'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS AND RESPONSE TO
OBJECTIONS OF PLAINTIFF LANCASTER COMPOSITE, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant W. Scott Hemphill ("Hemphill") requests for a second time that Plaintiff Lancaster Composite, Inc. ("Lancaster") hereby produce the following documents and things for inspection and copying within thirty (30) days of service hereof at the home of W. Scott Hemphill, 517 Riblett Lane, Wilmington, DE 19808. To date, Lancaster has not produced one single piece of discovery as requested by the defendant, even though most of the requested information was outlined in the Plaintiffs own Rule 26 Disclosure. This is in direct violation of the Courts directive to complete discovery in a timely

DEFENDANTS SECOND REQUEST FOR DOCUMENTS AND THINGS - 1

and efficient manner to achieve the action dates established in the Court's Scheduling order. This lack of responsiveness, coming on the heels of the plaintiffs own petitioning of the Court for the Defendants discovery, of which over 5000 pages have been produced, is at the least hypocritical and at worst worthy of relief by the Court in favor of the defendant. Hemphill responds to Lancaster's objections and for a second time requests the following information:

<u>DEFINITIONS OF TERMS AND INSTRUCTIONS</u>

1. As used herein, the term "Lancaster" shall mean Plaintiff, Lancaster Composite, Inc. and its representatives, agents, employees and all persons acting on and purporting to act on its behalf, any subsidiaries or associated organizations, officers, directors, trustees, employees, staff members, agents and representatives including plaintiff's counsel and/or patent counsel, their current or past officers, directors, employees, agents and other representatives who have, may have, or are expecting to have knowledge relating to this lawsuit and the questions herein propounded. As used herein, the term "Plaintiff" shall mean Lancaster Composite, Inc. ("Lancaster Composite"). The term "Hardcore" is used to refer to Hardcore Composites Operations, LLC,

2. In the following document requests, the term "document" is used in its customary broad sense and includes without limitation the documents of Lancaster including without limitation the following items, whether printed, or recorded in any medium, including electronic and magnetic media, or reproduced by hand or any other mechanical process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal; namely, agreements, communications, including intra-company communications; email; correspondence; telegrams; memoranda;

summaries or records of telephone conversations; summaries of records of personal conversations, diaries, forecasts, statistical statements; graphs; laboratory and engineering reports and notebooks; changes; plans; drawings; samples, prototypes and tangible things; photographs, films, pictures and videotapes; minutes or records of meeting, including directors' meetings; minutes or records of conferences; expressions of statements of policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel, records, reports or summaries of negotiations; brochures, pamphlets, advertisements; circulars; trade letters; packing material; press releases; drafts of any documents; revisions of drafts of any document; original or preliminary notes and marginal comments appearing on any document. A comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

3. The term "the '889 Patent" shall mean U.S. Patent No. 5,800,889 and "the '594 Patent" shall mean U.S. Patent No. 6,048,594, the Patents-in-Suit.

4. The term "Lancaster Product" shall mean any assembly, including without limitation, any tubular fiber reinforced resinous fillable structure; fiber reinforced plastic piling, post or tube; which Lancaster or any other person or entity acting as an agent or subcontractor for Lancaster, has designed, made, manufactured, installed, constructed, bid, sold, offered for sale, or for which pre-qualification or qualification was sought.

5. Any documents called for herein which Lancaster claims to be privileged or otherwise protected and shall be identified by giving:

   a) a description of the general type of document, i.e., letter, memorandum, report, miscellaneous note, etc.;

      b) the date;

      c) the author;

      d) the organization, if any, with which the author was then connected and his title and job description;

      e) all addressees or recipients;

      f) all other distributees;

      g) the organization, if any, with which each addressee, recipient or distributee was the connected;

      h) a general summary of the subject matter;

      i) grounds, if any, for refusal to produce documents; and

      j) present location of the documents and each and every known copy thereof, including the title, index number and location, if any, of the file in which the document is kept, or the file from which such documents were removed, if removed for the purpose of this case, and the identity of all persons responsible for the filing or other disposition of the documents.

6. Each copy of any document which contains any marking not appearing on the original or which is an alteration of the original in any way or which is discovered at a different location or in the possession or custody of a different person than the person in possession of the original is a separate document for purposes of these discover requests.

7. Any document called for herein of which Lancaster has knowledge or information shall be identified in the manner set forth in paragraphs (a) through (j) above.

8. The requests are deemed to be continuing in nature. If further responsive documents come to the possession or attention of Lancaster at any time during the course of this litigation, such documents are to be produced as required by the Federal Rules of Civil Procedure.

9. Insofar as any of the terms below are used herein, the following definitions apply:

   a) "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   b) "Concerning" means relating to, referring to, describing, evidencing or constituting.

   c) "Person" is defined as any natural person or any business, legal or governmental entity or association.

   d) The terms "all" and "each" shall be construed as all and each.

   e) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   f) The use of the singular form of any word includes the plural and vice versa.

DOCUMENTS REQUESTED

1. All documents relating to the manufacture of Lancaster Products whether by Lancaster or other entities. These documents are critical in proving the counter claim that the '594 Patent was plagerized and no product even resembling the patented product has ever been produced by or for Lancaster.

2. All documents relating to the sale of Lancaster Products to any governmental entity. The production of these documents will prove the defenses counter claim that Lancaster violated the on sale bar and

DEFENDANTS SECOND REQUEST FOR DOCUMENTS AND THINGS - 5

defrauded the Patent office in its application for both the '889 and the '594 patents as well those preceding them.

3. All documents relating to the development of the Lancaster Product specifically described and claimed in the '889 and '594 Patents. The documentation, or lack there of, will provide proof of the defenses counterclaim of plagiarism regarding the intellectual property surrounding the '594 Patent.

4. All documents relating to the '889 Patent and '594 Patent. This information was clearly described in the Rule 26 disclosure provided by Lancaster and is important in both Hemphill's defense and counterclaims.

5. All documents relating to the marketing and sale of the Lancaster Products from 1990 to the present. The production of this information will allow the defense to both prove the on sale bar violation as well as showing that Lancaster never had a product described in the '594 Patent and only began marketing one after it was developed and successfully sold by the defendant.

6. All documents relating to the testing and development of the Lancaster Products, including the development of the textured inner surface. This information or lack of, is critical to the defenses case that Lancaster never had a product, nor had reduced to practice anything described in the '594 Patent and only obtained this information by stealing it from the defendants lititure.

7. All corporate records of the plaintiff from 1990 to the present. These records are needed by the defense to prove that Lancaster plagiarized

DEFENDANTS SECOND REQUEST FOR DOCUMENTS AND THINGS - 6

the defendants intellectual property at a time when the defendant was winning the bulk of the available work with a superior product and thus was causing the plaintiff substantial financial hardship.

8. All documents relating to the involvement and investment of Dr. James Argires. These documents are critical to showing that Lancaster's plagiarism of the defendants products came at a time when Lancaster was in financial jeopardy and needed something to spur further investment by its backers.

9. All documents relating to the involvement and investment of Milan Resanovich. These documents are critical to showing that Lancaster's plagiarism of the defendants products came at a time when Lancaster was in financial jeopardy and needed something to spur further investment by its backers.

10. All documents relating to Northeast Concrete Products, LLC. These documents are critical to showing that Lancaster's plagiarism of the defendants products came at a time when Lancaster was in financial jeopardy and needed something to spur further investment by its backers and show Northeast Concrete Products, LLC that it could cut out the competition, thus inducing them to invest and align with Lancaster.

11. All documents reflecting the total number of Lancaster Products sold, the gross revenue received from such sales, and the total gross profit received from such sales from 1990 to the present. These documents are crucial to not only showing that the on sale bar was violated, but also to show the effect that the defendants products were doing to Lancaster's sales and market share resulting in the defendants plagiarism of the '594 technology. This information is also necessary

in determining the amount of damages the defendant, through its counterclaim has sustained.

12. All communications with customers of Lancaster concerning Hardcore Composites or Scott Hemphill from 1990 to the present. This information is required to prove that defendant did not posses the technology described in the '594 patent was forced to steal the defendants intellectual property and pass it off as its own in order to regain a presence in the market place. It will further show that the plaintiff has made a practice of using the threat of lawsuits as a way of obtaining business and restricting free trade.

13. All documents referring or relating to any facts that Lancaster believes shows that Hemphill is or has infringed the '889 or '594 Patents. The defendant has made broad and sweeping claims of patent infringement by the defendant to both the '889 and the '594 patents, yet has not produced any documentation providing even the most minute amount of evidence to such claims.

Dated this 13th day of December, 2005

W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808

DEFENDANTS SECOND REQUEST FOR DOCUMENTS AND THINGS - 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC., | ) Case No.: No. 04-1414 SLR |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| vs. | ) |
| HARDCORE COMPOSITES OPERATIONS, LLC, | ) |
| and W. SCOTT HEMPHILL, | ) |
| Defendant | ) |

NOTICE OF SERVICE

I, W. Scott Hemphill, hereby certify that on this 13th day of December, 2005, I caused copies of this *Notice of Service* along with the Defendant W. Scott Hemphill's *Second request for Production of Documents and Things and Response to Objections of Plaintiff Lancaster Composite, Inc.* to be served as follows:

**Via U.S. Mail**
Seitz, Van Ogtrop & Green, P. A.
George H. Seitz
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19801

_____
W. SCOTT HEMPHILL
517 Riblett Lane
Wilmington, DE 19808
Defendant