IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LANCASTER COMPOSITE, INC.,
          Plaintiff,

    v.

HARDCORE COMPOSITES OPERATIONS, LLC
and W. SCOTT HEMPHILL,
          Defendants.

Civil Action No. 04-1414 SLR

**PLAINTIFF LANCASTER COMPOSITE, INC.'S
MOTION TO COMPEL DEPOSITIONS AND MOTION FOR SANCTIONS**

**AND NOW,** comes the Plaintiff, Lancaster Composite, Inc. ("Lancaster Composite"), through its attorneys, seeking sanctions and an order of the court to compel Defendant W. Scott Hemphill ("Hemphill") to appear for his deposition and to agree to proceed with the deposition of a key witness for Hemphill, asserting in support the following:

1.      Lancaster Composite has, throughout this litigation, encountered problems and delays in obtaining discovery responses from Hemphill. After the issuance of various court orders, Hemphill produced documents on various dates, and produced limited interrogatory answers and supplemental interrogatory answers.

2.      A follow-up conference was held with the Court on September 1, 2005, following which the Court issued an order on September 16, 2005, directing Hemphill to make himself available for deposition by Lancaster Composite, and to provide some additional information responsive to Lancaster Composite's discovery requests.

3.     Over the several week period following the Court's September 16, 2005 order, Hemphill provided some additional information and discussions commenced regarding deposition dates.

4.     In mid-November, counsel for Lancaster Composite and Hemphill agreed to two deposition dates – December 16, 2005 for the deposition of Hemphill, and December 20, 2005 for the deposition of Steve Shannon.

5.     Under cover letter dated November 28, 2005, formal deposition notices were provided to Hemphill, and Mr. Shannon was served with a subpoena.

6.     Two weeks later, in a letter dated December 12, 2005, Hemphill stated he would not be making himself available for deposition, nor would he agree to the deposition of his potential witnesses.

7.     Hemphill's asserted reason for objecting to his deposition was a claimed need to review documents from Lancaster Composite.

8.     Under letter dated September 19, 2005, Lancaster Composite had served upon Hemphill Lancaster Composite's objections to Hemphill's discovery requests.  Hemphill had not raised any challenges to Lancaster Composite's objections between September, 2005 and December, 2005.

9.     At no time between September 1, 2005 and December 12, 2005 did Hemphill raise any issues with respect to his deposition, except scheduling concerns.

10.     As required under Local Rule 7.1.1, and in an effort to resolve this matter without Court intervention, counsel for Lancaster Composite wrote a letter to Hemphill dated December 16, 2005, explaining Lancaster Composite's position regarding the discovery dispute and requesting Hemphill to provide alternative dates for deposition in January.

11.    Hemphill has failed to provide alternative discovery dates, and, in violation of this Court's Order of September 16, 2005, has failed to make himself available for deposition.

12.    Pursuant to Local Rule 7.1.2, Lancaster Composite hereby waives its right to file an opening brief with this motion.

**WHEREFORE,** Lancaster Composite, Inc. respectfully requests an order compelling Hemphill to appear for deposition and to agree to the deposition of his witness Steve Shannon, and further order such sanctions as the Court deems appropriate for Hemphill's violation of this Court's September 16, 2005 Order.

SEITZ , VAN OGTROP & GREEN, P.A.

/s/ Kevin A. Guerke

Dated: January 20, 2006          By:_____

George H. Seitz, III, Esquire (No. 667)
gseitz@svglaw.com
Kevin A. Guerke, Esquire (No. 4096)
kguerke@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
302-888-0600

Attorneys for Plaintiff Lancaster Composite, Inc.

OF COUNSEL:

BARLEY SNYDER LLC
George C. Werner, Esquire
Court ID No. 28757
Salvatore Anastasi, Esquire
Court ID No. 78314
126 East King Street
Lancaster, PA 17602-2893
717-299-5201

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LANCASTER COMPOSITE, INC.,

          Plaintiff,

    v.

HARDCORE COMPOSITES
OPERATIONS, LLC and
W. SCOTT HEMPHILL,

          Defendants.

Civil Action No. 04-1414 SLR

JURY TRIAL DEMANDED

## *NOTICE OF MOTION*

TO:    W. Scott Hemphill
        517 Riblett Lane
        Wilmington, DE 19808

**PLEASE TAKE NOTICE** that the attached Plaintiff Lancaster Composite, Inc.'s

Motion to Compel Depositions and Motion for Sanctions will be presented at the earliest

convenience of the Court and counsel.

                    SEITZ, VAN OGTROP & GREEN, P.A.

                    /s/ Kevin A. Guerke

BY:    _____

              KEVIN A. GUERKE (No. 4096)
              kguerke@svglaw.com
              222 Delaware Avenue, Suite 1500
              Wilmington, DE 19899
              (302) 888-0600
              Attorneys for Plaintiff

Dated: January 20, 2006

51956 v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LANCASTER COMPOSITE, INC.,

        Plaintiff,

    v.

HARDCORE COMPOSITES OPERATIONS, LLC
and W. SCOTT HEMPHILL,

        Defendants.

Civil Action No. 04-1414 SLR

## CERTIFICATE UNDER LOCAL RULE 7.1.1

I, George C. Werner, hereby certify on this 20th day of January, 2006, that the following steps were taken to obtain the agreement of Defendnat W. Scott Hemphill ("Hemphill") to appear for his deposition and to agree to proceed with the deposition of Steven Shannon:

1.      On numerous occasion since September 2005, I have communicated with Hemphill regarding scheduling his and Mr. Shannon's deposition.  To date, Mr. Hemphill has refused to appear or allow Mr. Shannon to appear.  (See Motion ¶¶ 10 and 11).  In light of the earlier position by Hemphill on similar issues, the undersigned believes further discussions with Hemphill will not resolve this matter.

2.      For the reasons stated herein, despite the efforts made, the undersigned has not been able to reach an agreement with Hemphill on the matters set forth in the Motion to Compel.

_____
George C. Werner

## CERTIFICATE OF SERVICE

I, Kevin A. Guerke, Esquire, hereby certify that on January 20, 2006, I caused a

copy of the foregoing *Plaintiff's Motion to Compel Depositions and Motion for*

*Sanctions* to be served via U.S. First Class Mail upon the following:

W. Scott Hemphill
517 Riblett Lane
Wilmington, DE  19808

/s/ *Kevin A. Guerke*

By: _____

      Kevin A. Guerke, Esquire (#4096)
      kguerke@svglaw.com

51970 v1