IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC., | |
| Plaintiff, | Civil Action No. 04-1414 SLR |
| v. | JURY TRIAL DEMANDED |
| HARDCORE COMPOSITES OPERATIONS, LLC and W. SCOTT HEMPHILL, | |
| Defendants. | |

**PLAINTIFF LANCASTER COMPOSITE, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT W. SCOTT HEMPHILL**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Lancaster Composite, Inc. serves the within interrogatories on Defendant W. Scott Hemphill, and makes demand on said Defendant to answer same under oath within thirty (30) days of service.

**DEFINITIONS**

A. In these interrogatories, the terms "document" and "documents" are used in their customary broad sense and include without being limited to, the original and any copy, regardless of origin or location, of the following items: notes, correspondence, internal company communications, telegrams, cables, telexes, electronic mail, ledger books, statements, memoranda, summaries of records of conversations, diaries, reports, charts, tags, stickers, labels, cartons, boxes, art work, mockup labels, films, video tapes, photoboards, drawings, graphs, photographs, phono-records, computer disks and tapes from which information can be obtained or translated through detection devices into reasonably usable form, microfilms, minutes or records of meetings, reports and/or summaries of interviews or investigations,

DOCKET NO.: 41
DATED: 5/24/05

opinion or reports of consultant or counsel, agreements, notebooks, letters, advertisements, promotional literature, trade letters, press releases, drafts of documents and revisions of drafts of documents, and other written or recorded materials.

B. In these interrogatories and definitions, where the term "identify" is used or identification of a document is required, such identification should include the following information, where applicable: a) the author's name, address and job title; b) the date of its making; c) the general nature and subject matter of the document; d) the name, address and job title of each recipient of a copy of these documents; e) the present location and custodian of the original and all copies thereof; f) whether Defendant is willing to produce such document; g) the Bates number or other identifying indicia of such document, and h) for each document which Defendant contends is privileged or otherwise excludable from discovery, the basis for such claim of privilege or other grounds for exclusion.

C. The term "person" or "persons" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments or other units thereof.

D. Whenever the identification of a person is requested, and such person is a natural person, such identification shall include the full name or designation of the person, the present or last known residence address of the person, the person's position or title and the address of his place of employment or business, and the person's business telephone numbers.

E. Whenever the identification of a person is requested, and such person is other than a natural person, such identification shall include the full name, the present or last known address of the principal place of business, and the state of incorporation, if any, of the person.

F. Whenever the identification of a place or address is requested, such identification shall include the street address, city and state at which it is situated, or if such identification is not possible, otherwise to describe its location.

G. The term "communication" shall mean a meeting, conversation, conference, telephone conversation, letter, electronic mail, telegram, telefax, mailgram, billing statement, inventory sheet, and xerographic transmission.

H. Whenever the identification of a statement or communication is requested, such identification shall include the date thereof, the identification of the place or places where the statement or communications was made or received, the identification of all persons making or receiving the statement or communication, the substance of the statement or communication with particularity, and the identification of all persons with whom the substance of the statement or communication has been discussed.

I. The term "Hardcore" shall mean the named Defendant, Hardcore Composites Operations, LLC, or any other entity or person operating under the name "Hardcore Composites," and its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, agents, employees and all other persons acting on or purporting to act on its behalf.

J. The term "Hemphill" shall mean Defendant W. Scott Hemphill and his representatives, agents, employees and all other persons acting on or purporting to act on his behalf.

K. The term "Lancaster Composite" shall mean Plaintiff Lancaster Composite, Inc.

L. The terms "Composite Product" "Hardcore's Composite Product" and "Hemphill's Composite Product" shall mean any assembly, including without limitation, any fiber reinforced resinous fillable structure, which Hardcore or W. Scott Hemphill, or any other

person or entity acting as an agent or subcontractor for Hardcore or W. Scott Hemphill, or any other business entity for which W. Scott Hemphill acted as an employee or agent, has designed, made, manufactured, installed, constructed, bid, sold, offered for sale, or for which pre-qualification or qualification was sought.

M. The terms "the '889 Patent" shall mean U.S. Patent No. 5,800,889 and "the '594 Patent" shall mean U.S. Patent No. 6,048,594.

N. The term "Patents-In-Suit" shall mean the '889 Patent and the '594 Patent.

O. The term "Asserted Claim" shall mean any claim of the Patents-In-Suit asserted in this action.

P. The term "Lancaster Composite Products" shall mean any assembly, design, made, manufactured, installed, constructed, sold or offered for sale by Lancaster Composite incorporating any aspect of the '889 Patent and/or the '594 Patent.

Q. The term "Lawsuit" shall mean the action styled as *Lancaster Composite, Inc. v. Hardcore Composites Operations, LLC and W. Scott Hemphill,* Civil Action No. 04-1414 SLR, pending in the U.S. District Court of Delaware.

R. The phrase "State the Basis" shall mean that, for any claim, assertion, allegation, or contention identified in the interrogatory, you should

 (a) Identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred in to by the interrogatory;

(b) Identify each and every communication which forms any part of the source of the party's information regarding any alleged facts or legal conclusions referred to by the interrogatory;

(c) State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

S. The phrase "Claim Chart" shall mean a chart correlating a patent claim, or an element-by-element basis, to an accused device, accused process, accused method, accused product, or alleged prior art reference. If the Claim Chart is for the propose of describing a contention of non-infringement, the Claim Chart shall identify each and every element described by a patent claim, identify each and every element described by a patent claim which is contended to be absent from an accused device, accused process, or accused method, or accused product, and State the Basis for such contention. If the Claim Chart is for the purpose of describing a contention of invalidity over alleged prior art, the Claim Chart shall identify each and every element described by a patent claim, identify each and every element described by a patent claim which is contended to be disclosed, taught, suggested, described, or rendered obvious by the alleged prior art, identify the location of such disclosure,

teaching, suggestion, or description in the alleged prior art, and State the Basis for such contention.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify each and every Composite Product that you, either individually, as an agent or employee of Hardcore, or as an agent or employee of some other business entity, have made, used, sold or offered to sell (either alone or as a part of a system or apparatus) on or after June 25, 2004 including but not limited to, the Composite Products identified as Exhibits B, C, D, E and F to Lancaster Composite's Complaint in this Lawsuit, and identify any person having first-hand knowledge with respect to the date of the first sale of each and every Composite Product sold.

**Interrogatory No. 2:**

Identify each and every Composite Product that you, either individually, as an agent or employee of Hardcore, or as an agent or employee of some other business entity, have made, used, sold or offered to sell (either alone or as a part of a system or apparatus) before June 25, 2004 and identify any person having first-hand knowledge with respect to the date of the first sale of each and every Composite Product sold.

**Interrogatory No. 3:**

For each Composite Product or each system or apparatus identified in response to the interrogatories above, describe the Composite Product, or the system or the apparatus, and identify each document evidencing the foregoing, identify any and all information or instructions as to the use and/or operation of the Composite Product provided by you to any potential or

actual customers for any Composite Product or any system or apparatus which incorporated a Composite Product, state the amount of units sold or offered for sale by you, the price at which you have sold or offered to sell each unit, and the dates during which you sold or offered to sell the units; state both your direct and fixed cost of sale, gross revenue, gross profit, net profit or amount of sales for each Composite Product or the system or apparatus incorporating a Composite Product; identify your anticipated or expected or forecasted or projected selling price, direct cost of sale, fixed cost of sale, gross revenue, gross profit, net profit or amount of sales for each Composite Product or the system or apparatus incorporating a Composite Product; identify every document evidencing or referring to all of the foregoing; and identify each person having direct knowledge or information of the foregoing.

**Interrogatory No. 4:**

For each Composite Product or each system or apparatus identified in response to the interrogatories above, identify each person to whom you sold or offered to sell the Composite Product and/or system or apparatus, and identify the person(s) most knowledgeable about such purchasers and your customer base.

**Interrogatory No. 5:**

Describe fully your basis (if any) for challenging the inventorship of the Patents-in-Suit; identify all documents which support any such contention; and identify all persons having information which support any such contentions.

**Interrogatory No. 6:**

Describe fully your basis (if any) for contending that one or more claims of either of the Patents-in-Suit are invalid, unenforceable or not infringed, including whether or not you have

48294 v1

7

conducted any testing of any Lancaster Composite Products with respect to the validity of the claims of either Patents-in-Suit; identify all documents which support such contention; and identify all persons having information which support such contentions.

**Interrogatory No. 7:**

State when you first became aware of the '889 patent and when you first became aware of the '594 patent, identifying each person having direct knowledge of such first awareness and any documents evidencing the first awareness.

**Interrogatory No. 8:**

Identify and describe any opinion (written or oral) that you received or any documents relating to the infringement or noninfringement or validity or invalidity or enforceability or unenforceability of one or more claims of the '889 patent and/or the '594 patent and identify the person(s) who prepared and/or provided the opinions.

**Interrogatory No. 9:**

Identify all prior art and/or validity searches directed to any or all claims of the '889 patent, and/or the '594 patent which have been conducted by you or on your behalf which have not been previously identified, describe the results of such searches including the identification of all patents, devices, methods, uses, sales and publications uncovered by the search, identify any documents relating to the request for the search and any documents reporting the results of the search.

**Interrogatory No. 10:**

State whether any tests or experiments have been conducted, by you or on your behalf, to determine the material properties of any Composite Product, sold or offered for sale by you,

either alone or as part of a larger assembly, describe the results of any such tests or experiments, identify any documents referring or relating to any such tests or experiments and identify the person(s) most knowledgeable concerning any such tests or experiments or the results thereof.

**Interrogatory No. 11:**

Identify any and all test results generated by you or on your behalf during or referring or relating to the development of the Composite Product, identify any documents referring or relating to any such test results and identify the person(s) most knowledgeable concerning any such test results.

**Interrogatory No. 12:**

Identify any communications, whether written or oral, between you and any potential or actual customer concerning (a) the quality of any Lancaster Composite Products or supplied Composite Product, (b) the comparative quality of any Lancaster Composite Products or supplied Composite Product with respect to any other product, or (c) the consideration of the use and/or purchase of any product as an alternative to or substitute for the Lancaster Composite Products, identify any documents referring or relating to any such communications and identify the person(s) most knowledgeable concerning such communications.

**Interrogatory No. 13:**

State the basis for the contentions in your Answer in this Lawsuit that you and/or Hardcore have not infringed the Patents-In-Suit, that Lancaster Composite plagiarized and stole the technical knowledge contained in the patents, that Lancaster Composite "committed fraud upon the patent office," or any other contention of inequitable conduct related to the Patents-In-

Suit, state all facts in support of such contentions, and identify all documents or communications supporting all such contentions.

**Interrogatory No. 14:**

Identify the following persons:

(a) Those who have any knowledge or information of facts relevant to the claims of Lancaster Composite, or the defenses of you, in this Lawsuit;

(b) Those who have been interviewed concerning this Lawsuit; and,

(c) Those who you expect to call at trial, providing a summary of each witnesses' testimony, and the identity of the documents each witness intends to use at trial.

**Interrogatory No. 15:**

Expert Witnesses:

(a) Have you or anyone acting on your behalf retained any expert who is expected to testify at the trial of this matter?

(b) If the answer to (a) above is affirmative, state: the name, residence, business address, occupation or profession, and the area of expertise and/or discipline of each such expert; the substance of the facts to which each such expert is expected to testify; the opinion with respect to which the expert will testify; the grounds of each opinion to which each such expert will testify; and, in detail, the factual information supplied to each such expert which was used as a basis for the expert opinion, including all objects examined, the type, place and date of examination, as well as a description of all photographs and plans reviewed.

**Interrogatory No. 16:**

Documents:

    (a)    Do you or anyone acting on your behalf have or know of any documents regarding or in any way relating to or concerning the facts alleged in the Complaint and/or your Answer, Defenses and Counterclaim?

    (b)    If the answer to a) is affirmative, either attach copies thereof or state for each: the nature of same; its specific subject matter; the date it was made or taken; the identity of the person making or taking same; what it purports to show, illustrate or represent; and, the name and address of each person presently have custody of same.

**Interrogatory No. 17:**

Documentary Evidence:

    (a)    Do you intend to use any book, magazine or other writing at the trial of this case?

    (b)    If so, describe the writing in detail as to author, publisher, and copyright date, and give the name and address of the present custodian of said writing.

**Interrogatory No. 18:**

Identify any "claim charts" in your possession comparing any element or asserted claim of the '889 Patent and/or the '594 Patent with any Hardcore or Hemphill Composite Product.

|      | SEITZ, VAN OGTROP & GREEN, P.A. |
|------|---------------------------------|
| BY:  | /s/ *George H. Seitz, III*      |
|      | GEORGE H. SEITZ, III (No. 667)  |
|      | 222 Delaware Avenue             |
|      | Suite 1500                      |
|      | Wilmington, DE 19899            |
|      | (302) 888-0600                  |
|      | Attorneys for Plaintiff and     |
|      | Counterclaim Defendant          |

Co-Counsel
George C. Werner, Esquire
Court ID No. 28757
BARLEY, SNYDER, SENFT & COHEN, LLC
126 East King Street
Lancaster, PA 17602-2893
717-299-5201

Dated: May 24, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC., | |
| Plaintiff, | Civil Action No. 04-1414 SLR |
| v. | JURY TRIAL DEMANDED |
| HARDCORE COMPOSITES OPERATIONS, LLC and W. SCOTT HEMPHILL, | |
| Defendants. | |

### NOTICE OF SERVICE

I, GEORGE H. SEITZ, III, Esquire, hereby certify that on this 24th day of May, 2005, I caused copies of this *Notice of Service* along with the *Plaintiff Lancaster Composite, Inc.'s First Set of Interrogatories to Defendant W. Scott Hemphill* to be served as follows:

### Via U.S. Mail

Mr. W. Scott Hemphill
517 Riblett Lane
Wilmington, DE 19808

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ *George H. Seitz, III*
_____
GEORGE H. SEITZ, III (#667)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19801
(302) 888-0600
(302) 888-0606 - facsimile

Attorneys for Plaintiff

Dated: May 24, 2005

48296 v1