IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC.,<br>Plaintiff,<br><br>v.<br><br>HARDCORE COMPOSITES<br>OPERATIONS, LLC and W. SCOTT<br>HEMPHILL,          Defendants. | Civil Action No. 04-1414 SLR<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF LANCASTER COMPOSITE, INC.'S
### OBJECTIONS AND RESPONSES TO DEFENDANT W. SCOTT HEMPHILL'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff Lancaster Composite, Inc. ("Lancaster Composite") generally objects to Defendant W. Scott Hemphill's ("Hemphill") First Request for Production of Documents and Things. This document request was first served upon Lancaster Composite on August 18, 2005. Under the Court's Scheduling Order dated February 24, 2005, all fact discovery in the form of document production was to be completed on or before June 1, 2005. Hemphill's document request, filed more than 2-1/2 months after document production was to be completed, is untimely and will not allow for timely completion of discovery and compliance with various action dates established in the Court's Scheduling Order. Additionally, most if not all of Hemphill's document requests are for documents not relevant and/or are overly broad. Lancaster Composite responds to Hemphill's specific requests as follows:

1. Documents relating to Lancaster Composite's manufacturing of Lancaster Products are not relevant to Lancaster Composite's claim of patent infringement against Hemphill, nor relevant to the defenses asserted by Hemphill.

2. Documents relating to Lancaster Composite's sale of Lancaster Products are not relevant to Lancaster Composite's claim of patent infringement against Hemphill, nor relevant to the defenses asserted by Hemphill.

3. The request for "all documents related to the development" of the '889 and '594 patents is unreasonable, oppressive, and burdensome as overly broad. Furthermore, given the presumption of validity arising from the PTO's issuance of the patents, any documents relating to the development of the patents-in-suit are minimally relevant or non-relevant to the claims and defenses in this matter.

4. The request for all documents "relating to the '889 and '594 patents" is unreasonable, oppressive, and burdensome as overly broad.

5. Documents relating to Lancaster Composite's marketing and sale of Lancaster Products since 1990 are not relevant to Lancaster Composite's claim of patent infringement against Hemphill, nor relevant to the defenses asserted by Hemphill. Furthermore, the request is overly broad.

6. The request for all documents related to the testing and development of the '889 and '594 patents is unreasonable, oppressive, and burdensome as overly broad. Furthermore, given the presumption of validity arising from the PTO's issuance of the patents, any documents relating to the development of the patents-in-suit are minimally relevant or non-relevant to the claims and defenses in this matter.

7. The corporate records of Lancaster Composite are not relevant to Lancaster Composite's claims of patent infringement against Hemphill, nor relevant to the defenses asserted by Hemphill.

8. Documents relating to the involvement and investment of Dr. James Argires in Plaintiff Lancaster Composite, Inc. are not relevant to Lancaster Composite's claims of patent infringement against Hemphill, nor relevant to the defenses asserted by Hemphill.

9. Documents relating to the involvement and investment of Milan Resanovich in Plaintiff Lancaster Composite, Inc. are not relevant to Lancaster Composite's claims of patent infringement against Hemphill, nor relevant to the defenses asserted by Hemphill.

10. The request for documents relating to Northeast Concrete Products LLC are not relevant to the claims of Lancaster Composite's claims of patent infringement against Hemphill, nor relevant to the defenses asserted by Hemphill.

11. Documents regarding Lancaster Composite's sales of Lancaster Products are not relevant to claims of Lancaster Composite's claims of patent infringement against Hemphill, nor relevant to the defenses asserted by Hemphill.

12. A default judgment has been entered against Defendant Hardcore Composites, and discovery regarding Hardcore is not relevant. The request for documents regarding communications between Lancaster Composite and its customers regarding Defendant Hemphill since 1990 is unreasonable, oppressive, and burdensome as overly broad.

13. The request for any documents referring to or relating to facts showing that Hemphill is or has infringed the '889 and '594 patents is unreasonable, oppressive, and burdensome as overly broad.

BARLEY SNYDER LLC

Dated: 9-19-05         By: *George C. Werner*
                           George C. Werner, Esquire
                           Court ID No. 28757
                           Attorneys for Plaintiff
                           Lancaster Composite, Inc.
                           126 East King Street
                           Lancaster, PA 17602-2893
                           717-299-5201

– and –

Kevin A. Guerke, Esquire
Seitz, Van Ogtrop & Green, PA
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served this 19th day of September, 2005, electronically by e-mail [Hemphill63@aol.com] and by first class mail, postage prepaid, upon:

>W. Scott Hemphill
>517 Riblett Lane
>Wilmington, DE 19808

>BARLEY SNYDER LLC

>By: *George C. Werner*
>George C. Werner, Esquire
>Court ID No. 28757
>Attorneys for Plaintiff
>Lancaster Composite, Inc.
>126 East King Street
>Lancaster, PA 17602-2893
>717-299-5201

9/19/2005/GCW/1483410.1                5