IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCASTER COMPOSITE, INC.,<br>Plaintiff,<br><br>v.<br><br>HARDCORE COMPOSITES OPERATIONS,<br>LLC and W. SCOTT HEMPHILL,<br>Defendants. | Civil Action No. 04-1414 SLR |

**PLAINTIFF LANCASTER COMPOSITE, INC.'S BRIEF IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON
PATENT INFRINGEMENT AGAINST DEFENDANT W. SCOTT HEMPHILL**

SEITZ, VAN OGTROP & GREEN, P.A.
Kevin Guerke, Esquire (DSBA 4096)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
302-888-0600

OF COUNSEL:

BARLEY SNYDER LLC
George C. Werner, Esquire
Court ID No. 28757
Salvatore Anastasi, Esquire
Court ID No. 78314
126 East King Street
Lancaster, PA 17602-2893
717-299-5201

Attorneys for Plaintiff Lancaster Composite,
Inc.

55437 v1

# **TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| Table of Authorities | | | ii |
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF THE CASE | | 1 |
| | A. | Lancaster Composite's Filled Composite Structure | 1 |
| | B. | Hemphill's/Hardcore's Infringing Pile | 2 |
| III. | SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT | | 4 |
| IV. | THERE ARE NO GENUINE ISSUES OF MATERIAL FACT CONCERNING THE HARDCORE'S/HEMPHILL'S INFRINGEMENT OF LANCASTER COMPOSITE'S PATENT | | 5 |
| | A. | Hemphill has Literally Infringed Claim 1 of the '594 Patent | 6 |
| | B. | Hemphill has Literally Infringed Claim 3 of the '594 Patent. | 9 |
| | C. | Hemphill has Literally Infringed Claim 7 of the '594 Patent. | 10 |
| | D. | Hemphill has Literally Infringed Claim 10 of the '594 Patent. | 10 |
| | E. | Hemphill has Literally Infringed Claim 11 of the '594 Patent | 11 |
| | F. | Hemphill Has Induced Others To Infringe Claims 1, 3, 7, 10 And 11 Of Lancaster Composite's '594 Patent. | 14 |
| | G. | Claim Chart Analysis | 14 |
| | H. | Hemphill has Admitted Infringement | 14 |
| V. | CONCLUSION | | 15 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 106 S.Ct. 2548, 9 L. Ed. 2d ,265 (1986) ............................................................... 4

*Graver Tank & Manufacturing Co. v. Linde Air Products Co.,*
    339 U.S. 605 (1950) ..................................................................................................................... 5

*Hilton Davis Chemical Co. v. Warner-Jenkinson Co.,*
    62 F.3d 1512 (Fed. Cir. 1995) ..................................................................................................... 5

*Mannesmann Demag Corp. v. Engineered Metal Products Co.,*
    793 F.2d 1279 (Fed. Cir. 1986) ................................................................................................... 5

*Markman v. Westview Instruments, Inc.,*
    116 S.Ct. 1384 (1996) .................................................................................................................. 4

*Shamrock Technologies, Inc. v. Medical Sterilization Inc.,*
    903 F.2d 789 (Fed. Cir. 1990) ..................................................................................................... 4

**Rules**

*Fed. R. Civ. P. 56 (c)* ....................................................................................................................... 4

Plaintiff, Lancaster Composite Inc. ("Lancaster Composite") hereby submits this Brief in support of its Motion for Partial Summary Judgment on patent infringement against W. Scott Hemphill ("Hemphill").

## I. INTRODUCTION

Lancaster Composite is the owner of several patents covering inventions of Robert H. Greene related to filled composite structures. Green has been awarded several patents in addition to those asserted in this action. Lancaster Composite has obtained a default judgment against Defendant Hardcore Composites Operations, LLC ("Hardcore").

By this motion, Lancaster Composite seeks partial summary judgment that Hemphill has infringed one of these patents by offering to sell an FRP filled pile and inducing others to fill a FRP tube with concrete. Specifically, Lancaster Composite seeks summary judgment that the Defendant's activities infringe claims 1, 3, 7, 10 and 11 of the United States Patent Number 6,048, 594 ("the '594 Patent").[1]

## II. STATEMENT OF THE CASE

### A. LANCASTER COMPOSITE'S FILLED COMPOSITE STRUCTURE

This action arises from the infringement by Hardcore and Hemphill of Lancaster Composite's patents on a fiber reinforced resinous hollow structure enclosing a hard core. The structure has multiple uses such as a poll, post or piling. In the marine construction industry, the invention covered by these patents is particularly useful because it provides a piling having superior tensile and compressive strength.

---

[1] In the Complaint, Lancaster Composite has alleged infringement of the '594 Patent as well as infringement of United States Patent Number 5,800,889 ("the '889 Patent"). In this Motion for Partial Summary Judgment, Lancaster Composite is seeking a determination of infringement only as to certain claims of the '594 Patent. If this motion is granted, Lancaster Composite will not pursue its claim of infringement of the remaining claims of the '594 Patent nor its claim of infringement of the remaining patent in suit, the '889 Patent.

Several unique features of Lancaster Composite's patented structure contribute to the improved tensile and compressive strength. First, the fiber reinforced resinous structure has a tensile strength of at least 30,000 psi. Also, the hard core within space defined by the inner surface of the hollow structure has a compressive strength of at least 1500 psi. These features, together with the other features recited in the patent claims, provide durable piling systems which are resistant to the harsh marine environments and therefore designed to have a longer useful product life span then their wood piling counterparts.

Since the patents were awarded, Lancaster Composite has expended significant time, effort and financial resources to introduce the invention to the marine construction industry for use as a marine post or piling providing support for bridges, peers and docs as well as acting as a fendering element. After many years of marketing the invention to the marine construction industry, Lancaster Composite has, recently, obtain some limited acceptance of the invention in the marine construction industry.

**B.   HEMPHILL'S/HARDCORE'S INFRINGING PILE[2]**

Based upon this limited acceptance of the invention and marine construction industry, Hemphill, recognizing the advantages of Lancaster Composite's patented structure introduced the hard core pile. In advertising its product on the Internet as well as in other mediums, Hemphill through Hardcore describes its composite piling product as follows:

> "A composite tubular piling is a cylindrical shell fabricated of high strength fiber reinforced composite materials. The inner surface is textured to create a mechanical lock with a filler material, usually concrete."

---

[2] Hemphill was, at times relevant to this litigation, the President of Hardcore, and Hemphill was personally responsible for offering for sale Hardcore's composite pilings. See Hemphill Transcript B.

2

This pile as advertised and offered for sale includes all of the feature set forth in claims 1, 3, 7, 10 and 11.

In particular, Hemphill's pile includes Lancaster Composite's unique features. First, Hemphill's pile is specified to have a 4000 psi compressive strength concrete infill with a high tensile strength, fiber reinforced composite (FRP) tube wherein a high bending load is specified. Second, Hemphill's pile specifies an assured fiber orientation having an ultimate tensile strength of 63,000 psi. Third, Hemphill's pile, being formed of a FRP tube has a wall thickness forming a boundary which encloses a space. Fourth, Hemphill's pile has, in the space, a concrete infill having a compressive strength of no less than 4000psi. and a density which far exceeds 35 pounds per cubic foot. Fifth, Hemphill's piles concrete infill is mechanically locked to or engaged with the FRP tube.

Additional Lancaster Composite unique features included in Hemphill's pile include the hollow structure having a closed section, and an epoxy or acrylic coating applied to the tube for UV protection and non-shrink add mixtures in the concrete. For a more detailed description of the Hardcore/Hemphill composite piling, see Hemphill Transcript C, and specifically Deposition Exhibits 1 and 2.

In fact, during the deposition of Hemphill, he effectively conceded that the hardcore pile includes all the features required by Lancaster Composite's '594 patent. The specific exchange during Hemphill's deposition proceeded as follows:

> "Q. All right. Then let's go back and go through the laundry list of challenges to the '594 Patent. We talked about the on-sale bar, we have talked about the drafting of the claim language by utilizing Hardcore brochures. Other challenges that you have to the '594 Patent?
>
> A. Again, the challenge I have to the '594 Patent is that this is the – **this is describing the Hardcore product that was in process, had been being produced, either with – and some various means for quite a long time prior to the filing date of this one.**"

3

Hemphill Transcript C, pp. 114, 115 (emphasis added).

Moreover, Hemphill has not been satisfied with making and selling infringing pile, in addition he has deliberately induced customers to fill FRP tubes with concrete to infringe the specified claims of the '594 patent. The Hardcore/Hemphill advertising and marketing materials in addition to his quotations specify that his FRP tube is to be filled with concrete by the customer. See Hemphill Transcript C, Exhibit 2.

All of these facts come from Hardcore's/Hemphill's own advertising, offers to sell and testimony, or from evidence which the Hemphill has never disputed. Moreover these facts establish as a matter of law that the Hemphill has infringed claims 1, 3, 7, 10 and 11 of the '594 patent. Accordingly, this court should grant summary judgment of patent infringement.

### III.   SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56 (c)*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 9 L. Ed. 2d ,265 (1986). Claims of patent infringement, like all other claims, are appropriately resolved on summary judgment. See *Shamrock Technologies, Inc. v. Medical Sterilization Inc.*, 903 F.2d 789, 791-96 (Fed. Cir. 1990) (summary judgment of infringement affirmed) ; *Black & Decker (U.S.), Inc. v. Home Product Marketing, Inc.*, 929 F. Supp. 1114 (N.D. Ill. 1996) (summary judgment of infringement granted).

Here, no genuine issue of material fact exists concerning infringement of Lancaster Composite's '594 Patent. Construction and interpretation of the patent claims is a pure

4

question of law. *Markman v. Westview Instruments, Inc.,* 116 S.Ct. 1384, 1396 (1996). Accordingly, it is properly resolved on summary judgment.

In addition, the physical structure of the Hardcore/Hemphill FRP pile and the Hardcore/Hemphill recommendations to its customers to fill its FRP tube with concrete are not in genuine controversy. These facts are established by Hardcore's/Hemphill's own advertising, quotations and by his own testimony. These undisputed facts establish, as a matter of law, that Hemphill has infringed claims 1, 3, 7, 10 and 11 of the '594 Patent. Accordingly, summary judgment of patent infringement should be granted.

IV. **THERE ARE NO GENUINE ISSUES OF MATERIAL FACT CONCERNING THE HARDCORE'S/HEMPHILL'S INFRINGEMENT OF LANCASTER COMPOSITE'S PATENT**

Lancaster Composite may prove infringement in either of two ways. First, it may show that the accused product contains each and every feature or "limitation" listed in one of its patent claims. See *Mannesmann Demag Corp. v. Engineered Metal Products Co.,* 793 F.2d 1279, 1282 (Fed. Cir. 1986). Infringement of this type is known as literal infringement. *Id.* Second, Lancaster Composite may show that the accused product, though lacking some features, is not substantially different than the claimed invention. *Hilton Davis Chemical Co. v. Warner-Jenkinson Co.,* 62 F.3d 1512, 1517-18 (Fed. Cir. 1995). Generally, the differences are insubstantial, and infringement will be found if the accused product performs substantially the same function as the claimed invention, in substantially the same way, to achieve substantially the same result. *Graver Tank & Manufacturing Co. v. Linde Air Products Co.,* 339 U.S. 605 (1950); *Hilton Davis,* 62 F.3d at 1518. Infringement of this type is known as infringement under "the doctrine of equivalents." *Graver Tank,* 339 U.S. at 608-10.

Here, Hardcore's/Hemphill's composite piles (and similar products which it has offered for sale through Hardcore) clearly infringe claims 1, 3, 7, 10 and 11 of the '594 Patent, both literally and under the doctrine of equivalents.

### A.   HEMPHILL HAS LITERALLY INFRINGED CLAIM 1 OF THE '594 PATENT

Claim 1 of the '594 Patent claims a filled structure characterized by the combination of high compressive strength and tensile strength to allow a high bending load, having the following characteristics:

> (1)  a fiber reinforced resinous hollow structure having a tensile strength of at least 30,000 psi.;
>
> (2)  an inside surface forming a boundary which defines a space;
>
> (3)  a hard core within said space, the hard core having a density of at least 35 pounds per cubic foot and a compressive strength of at least 1500 psi.;
>
> (4)  the hard core being formed from a mixture of particulate cementitious material and liquid such that when said mixture hardens, said hard core is joined securely to said inside surface of said hollow structure.

The Hardcore/Hemphill FRP pile incorporates each and every one of these features.

### 1.   The Hardcore/Hemphill FRP Pile is "A Filled Structure Characterized By The Combination Of High Compressive Strength And Tensile Strength To Allow A High Bending Load"

Claim 1 is directed to a filled structure characterized by the combination of high compressive strength and tensile strength to allow a high bending load. In opposing Lancaster Composite's motion for preliminary injunction, Hemphill did not contest Lancaster Composite's evidence on this issue, thus indicating the absence of a genuine

6

issue of fact. See this Court's Memorandum Opinion and Order granting preliminary injunction dated January 14, 2005, at pp. 9-10.

Moreover, the Hardcore/Hemphill documents established beyond question that its FRP pile is "a filled structure characterized by the combination of high compressive strength and tensile strength to allow a high bending load." *Id.* In the Exhibits in Support of this Motion for Partial Summary Judgment, Lancaster Composite has included a Claim Chart which analyzes the Hardcore product as presented in the Hardcore specification guide. (See Exhibit D). Reference is made to that Claim Chart and analysis. Hardcore Specification Data and Composite Tubular Piling Design Guide specifies a 4000 psi compressive strength concrete infill (A) with a high tensile strength, fiber reinforced composite tube (B). High bending load is specified. See bending moment specifications (H). Photos taken by Robert Greene, President of Lancaster Composite, also show the filled structure. See Affidavit of Robert Greene at Exhibit F.

2. **The Hardcore/Hemphill FRP Pile Has A Fiber Reinforced Resinous Hollow Structure Having A Tensile Strength Of At Least 30,000 psi.**

Claim 1 also calls for a fiber reinforced resinous hollow structure having a tensile strength of at least 30,000 psi. The uncontroverted evidence shows that the Defendants FRP pile has "a fiber reinforced resinous hollow structure having a tensile strength of at least 30,000 psi." The Defendants Specification Data and Composite Tubular Piling Design Guide specifies a fiber reinforced composite tube (B). Hardcore Composite Pile Strengthening Jackets Factory Assured Fiber Orientation (C) specifies an ultimate tensile strength of 63,000 psi. Photos taken by Robert H. Greene, President of Lancaster Composite, also show this feature. See Affidavit of Robert Greene at Exhibit F.

3. **The Hardcore/Hemphill FRP Pile Has "An Inside Surface Forming A Boundary Which Defines A Space"**

Claim 1 also includes an inside surface forming a boundary which defines a space. The uncontroverted evidence shows that the Hardcore/Hemphill FRP pile has "an inside surface forming a boundary which defines a space." The Hardcore Specification Data and Composite Tubular Piling Design Guide specifies, at (D), FRP composite tubes having various outside diameters and wall thicknesses forming a boundary which encloses a space. Photos taken by Robert H. Greene, President of Lancaster Composite, also show this feature. See Affidavit of Robert Greene at Exhibit F.

4. **The Hardcore/Hemphill FRP Pile Has "A Hard Core Within Said Space, The Hard Core Having A Density Of At Least 25 Pound Per Cubic Foot An A Compressive Strength Of At Least 1500 psi."**

Claim 1 also requires a hard core within said space, the hard core having a density of at least 35 pounds per cubic foot and a compressive strength of at least 1500 psi. The uncontroverted evidence shows that the Hardcore/Hemphill FRP pile has "a hard core within said space, the hard core having a density of at least 35 pounds per cubic foot and a compressive strength of at least 1500 psi." The Hardcore Specification Data and Composite Tubular Piling Design Guide specifies a concrete infill as a hard core (E).

Specification Data and Composite Tubular Piling Design Guide (E) specifies the concrete infill having a compressive strength of no less than 4,000 psi. It is well known that concrete has a density which far exceeds 35 pounds per cubic foot. Typical density is in the range of 140 -145 pounds per cubic foot. Furthermore, photos taken by Robert H. Greene, President of Lancaster Composite, also show this feature. See Affidavit of Robert Greene at Exhibit F.

8

5. **The Hardcore/Hemphill FRP Pile Is Characterized By "The Hard Core Being Formed From A Mixture Of Particulate Cementitious Material And Liquid Such That When Said Mixture Hardens, Said Hard Core Is Joined Securely To Said Inside Surface Of Said Hollow Structure"**

Claim 1 also recites that the hard core is formed from a mixture of particulate cementitious material and liquid (concrete) such that when said mixture hardens, said hard core is joined securely to said inside surface of said hollow structure. The uncontroverted evidence shows that the Hardcore/Hemphill FRP pile is made such that "the hard core is formed from a mixture of particulate cementitious material and liquid (concrete) such that when said mixture hardens, said hard core is joined securely to said inside surface of said hollow structure." Concrete specified for the infill is well known to be a mixture of particulate cementitious material and liquid.

Lancaster Composite's photographs show (Photos taken by Robert H. Greene, President of Lancaster Composite, also show this feature. See Affidavit of Robert Greene at Exhibit F.) and Specification Data at (E) (F) specifies the concrete infill being mechanically locked to the composite tube.

This is the final limitation of the '594 patent claim 1. Because the Hardcore/Hemphill FRP pile contains each and every limitation of claim 1, it literally infringes that claim, thus requiring summary judgment as requested by Lancaster Composite.

**B. HEMPHILL HAS LITERALLY INFRINGED CLAIM 3 OF THE '594 PATENT.**

Claim 3 depends from claim 1 and requires the added element wherein the hollow structure is a closed section.

The Hardcore/Hemphill FRP pile incorporates this feature. Hardcore's Composite Tubular Piling Design Guide, at (D) shows a closed section of a hollow structure. Because

9

the Hardcore/Hemphill FRP pile contains each and every limitation of claims 1 and 3 it literally infringes claim 3, thus requiring summary judgment as requested by Lancaster Composite.

### C. HEMPHILL HAS LITERALLY INFRINGED CLAIM 7 OF THE '594 PATENT.

Claim 3 depends from claim 1 and requires the added element of a coating attached on the outside of the hollow structure with the coating comprising a material which absorbs or shields ultraviolet radiation.

The Hardcore/Hemphill FRP pile incorporates this feature. Hardcore's Specification Data specifies (G) an epoxy or acrylic coating applied to the tube. Composite Tubular Piling Design Guide specifies (G) an acrylic coating applied to the tube. See also Composite Tubular Piling Design Guide at (B) specifying UV protection. Because the Hardcore/Hemphill FRP pile contains each and every limitation of claims 1 and 7 it literally infringes claim 7, thus requiring summary judgment as requested by Lancaster Composite.

### D. HEMPHILL HAS LITERALLY INFRINGED CLAIM 10 OF THE '594 PATENT.

Claim 10 depends from claim 1 and requires the added element wherein said hard core is of material such that shrinkage thereof is negligible upon hardening.

The Hardcore/Hemphill FRP pile incorporates this feature. Hardcore's Specification Data (E) specifies the concrete infill to have non-shrink admixtures. Specification Data, at (I) refers to shrinkage compensation. Because the Hardcore/Hemphill FRP pile contains each and every limitation of claims 1 and 10 it literally infringes claim 10, thus requiring summary judgment as requested by Lancaster Composite.

E. **HEMPHILL HAS LITERALLY INFRINGED CLAIM 11 OF THE '594 PATENT**

Claim 11 of the '594 patent claims a filled structure characterized by the combination of high compressive strength and tensile strength to allow a high bending load, having the following characteristics:

(1) a fiber reinforced resinous hollow structure having a tensile strength of at least 30,000 psi.;

(2) an inside surface forming a boundary which defines a space;

(3) a hard core within said space and engaged with said inside surface, the hard core having a density of at least 35 pounds per cubic foot and a compressive strength of at least 1500 psi,

(4) the hard core being formed from a mixture of particulate cementitious material and liquid.

The Hardcore/Hemphill FRP pile incorporates each and every one of these features.

1. **Hardcore/Hemphill FRP Pile Is "A Filled Structure Characterized By The Combination Of High Compressive Strength And Tensile Strength To Allow A High Bending Load"**

Claim 11 is directed to a filled structure characterized by the combination of high compressive strength and tensile strength to allow a high bending load. In opposing Lancaster Composite's motion for preliminary injunction, the Hemphill did not contest Lancaster Composite's evidence on this issue, thus indicating the absence of a genuine issue of fact. See this Court's Memorandum Opinion and Order granting preliminary injunction dated January 14, 2005, at pp. 9-10.

Moreover, the Hardcore/Hemphill documents establish beyond question that its FRP pile is "a filled structure characterized by the combination of high compressive strength and tensile strength to allow a high bending load." *Id.* Hardcore Specification

11

Data and Composite Tubular Piling Design Guide specifies a 4000 psi compressive strength concrete infill (A) with a high tensile strength, fiber reinforced composite tube (B). High bending load is specified. See bending moment specifications (H). Photos taken by Robert H. Greene, President of Lancaster Composite, also show this feature. See Affidavit of Robert Greene at Exhibit F.

    2.    **The Hardcore/Hemphill FRP Pile Has A Fiber Reinforced Resinous Hollow Structure Having A Tensile Strength Of At Least 30,000 psi.**

Claim 11 also calls for a fiber reinforced resinous hollow structure having a tensile strength of at least 30,000 psi. The uncontroverted evidence shows that the Hardcore/Hemphill FRP pile has "a fiber reinforced resinous hollow structure having a tensile strength of at least 30,000 psi." The Hardcore Specification Data and Composite Tubular Piling Design Guide specifies a fiber reinforced composite tube (B). Hardcore Composite Pile Strengthening Jackets Factory Assured Fiber Orientation (C) specifies an ultimate tensile strength of 63,000 psi. Photos taken by the plaintiff also show this feature.

    3.    **The Hardcore/Hemphill FRP Pile Has "An Inside Surface Forming A Boundary Which Defines A Space"**

Claim 11 also includes an inside surface forming a boundary which defines a space. The uncontroverted evidence shows that the Hardcore/Hemphill FRP pile has "an inside surface forming a boundary which defines a space." The Hardcore Specification Data and Composite Tubular Piling Design Guide specifies, at (D), FRP composite tubes having various outside diameters and wall thicknesses forming a boundary which encloses a space. Photos taken by Robert H. Greene, President of Lancaster Composite, also show this feature. See Affidavit of Robert Greene at Exhibit F.

    4.    **The Hardcore/Hemphill FRP Pile Has "A Hard Core Within Said Space And Engaged With Said Inside Surface, The Hard**

12

### Core Having A Density Of At Least 35 Pounds Per Cubic Foot And A Compressive Strength Of At Least 1500 Psi."

Claim 11 also requires a hard core within said space and engaged with said inside surface, the hard core having a density of at least 35 pounds per cubic foot and a compressive strength of at least 1500 psi. The uncontroverted evidence shows that the Hardcore/Hemphill FRP pile has "a hard core within said space and engaged with said inside surface, the hard core having a density of at least 35 pounds per cubic foot and a compressive strength of at least 1500 psi" The Hardcore Specification Data and Composite Tubular Piling Design Guide specifies a concrete infill as a hard core (E).

Specification Data (E) (F) specifies the concrete infill to have a mechanical lock established between the composite tube and the concrete infill. This is achieved by engagement of the core along the textured inner surface.

Specification Data and Composite Tubular Piling Design Guide (E) specifies the concrete infill having a compressive strength of no less than 4,000 psi. It is well known that concrete has a density which far exceeds 35 pounds per cubic foot. Typical density is in the range of 140 -145 pounds per cubic foot. Photos taken by Robert H. Greene, President of Lancaster Composite, also show this feature. See Affidavit of Robert Greene at Exhibit F.

5. **The Hardcore/Hemphill FRP Pile Is Characterized By "The Hard Core Being Formed From A Mixture Of Particulate Cementitious Material And Liquid"**

Claim 11 also recites that the hard core is formed from a mixture of particulate cementitious material and liquid. The uncontroverted evidence shows that the Hardcore/Hemphill FRP pile is made such that "the hard core is formed from a mixture of

13

particulate cementitious material and liquid." Concrete specified for the infill is well known to be a mixture of particulate cementitious material and liquid.

This is the final limitation of the '594 patent claim 11. Because the Hardcore/Hemphill FRP pile contains each and every limitation of claim 11 it literally infringes that claim, thus requiring summary judgment as requested by Lancaster Composite.

### F. HEMPHILL HAS INDUCED OTHERS TO INFRINGE CLAIMS 1, 3, 7, 10 AND 11 OF LANCASTER COMPOSITE'S '594 PATENT.

According to Hemphill's testimony, several of the quotes for the Hardcore FRP pile, and the Hardcore Specifications Guide, Hemphill clearly has induced customer to fill in an FRP tube with concrete. Hemphill Transcripts B and C.

### G. CLAIM CHART ANALYSIS

Plaintiff Lancaster Composite has prepared a Claim Chart Analysis clearly establishing how the Hardcore product infringes upon the '594 Patent. See Exhibit D of the Exhibits in Support of this Motion. Additionally, Lancaster Composite has had this Claim Chart reviewed by an independent expert who is familiar with the Hardcore product and has confirmed the infringement analysis. See Exhibit E of the Exhibits in Support of this Motion.

### H. HEMPHILL HAS ADMITTED INFRINGEMENT

In his deposition testimony, Hemphill has effectively admitted that the Hardcore product infringes the '594 Patent. In his deposition, Hemphill testified as follows:

> "Q. All right. Then let's go back and go through the laundry list of challenges to the '594 Patent. We talked about the on-sale bar, we have talked about the drafting of the claim language by utilizing Hardcore brochures. Other challenges that you have to the '594 Patent?

> A.  Again, the challenge I have to the '594 Patent is that this is the – **this is describing the Hardcore product that was in process, had been being produced, either with – and some various means for quite a long time prior to the filing date of this one.**"

Hemphill Transcript C, pp. 114, 115 (emphasis added).

## V.  CONCLUSION

The Hardcore/Hemphill advertising conclusively establishes that Hemphill has infringed, and induced others to infringe Lancaster Composite's '594 patent. No issue of fact remains to be decided because the content of the Hardcore/Hemphill quoted FRP pile and the content of the Hardcore/Hemphill advertising are undisputed. Accordingly, this Court should grant Lancaster Composite's motion for partial summary judgment of patent infringement.

Respectfully submitted,

SEITZ, VAN OGTROP & GREEN, P.A.

By: /s/ Kevin A. Guerke
_____
George H. Seitz, III, Esq. (DSBA 667)
Kevin Guerke, Esq. (DSBA 4096)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
302-888-0600

OF COUNSEL:

BARLEY SNYDER LLC
George C. Werner, Esquire
Court ID No. 28757
Salvatore Anastasi, Esquire
Court ID No. 78314
126 East King Street
Lancaster, PA 17602-2893
717-299-5201
Attorneys for Plaintiff Lancaster Composite, Inc.

Dated: August 16, 2006

## CERTIFICATE OF SERVICE

I, Kevin A. Guerke, Esquire, hereby certify that on August 17, 2006, I caused a copy of the foregoing *Plaintiff Lancaster Composite, Inc.'s Brief in Support of Motion for Partial Summary Judgment on Patent Infringement Against W. Scott Hemphill* to be served via U.S. First Class Mail upon the following:

W. Scott Hemphill
517 Riblett Lane
Wilmington, DE  19808

By: /s/ *Kevin A. Guerke*
Kevin A. Guerke, Esquire (#4096)
kguerke@svglaw.com

55469 v1